IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION-DUBUQUE

| | | |
|---|---|---|
| EDUARDO SALAZAR, WALTER ORTIZ, GREGORIO LUX, GUSTAVO CUJLUJ, SANTOS TEPAZ, RUBELINO HERNANDEZ, WILLIAM SIR, JERONIMO TOJ GRANADOS, MARVIN LOPEZ, IMELDA LOZANO, CESAR TOJ MICOLAX, CLADIO RUIZ, CARLOS IXEN CHOC, CESAR MARROQUIN, BERULO JIMENEZ, BERNARDO LEMUS, ANTONIO FIGUEROA, HUGO LOPEZ, SAMUEL GARCIA, LUIS LOPEZ, JOSE DANY LOPEZ, SERGIO VERGARA, And JOSE DAMASIO LOPEZ on behalf of themselves and all other similarly situated individuals, | : | Docket No. 07-CV-1006 LRR<br><br>**Complaint-Class Action**<br>**JURY TRIAL DEMANDED** |
| Plaintiffs, | : | |
| v. | : | |
| AGRIPROCESSORS, INC.: | : | |
| Defendant. | : | |

## ORIGINAL CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

Plaintiffs, by and through their undersigned counsel, on behalf of themselves and other similarly situated individuals either currently or formerly employed by Defendant Agriprocessors, Inc. (hereafter referred to as "Agriprocessors"), at its meat processing facility in Postville, Iowa, for their Class Action and Representative Action Complaint against Agriprocessors allege, upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

## I. INTRODUCTION

1. This is a class action brought pursuant to Federal Rule of Civil Procedure 23 by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Agriprocessors' meat processing facility in Postville, Iowa for the purpose of obtaining relief under Iowa law for, *inter alia*, unpaid wages and unpaid overtime wages.

2. The named Plaintiffs also bring a representative action against Agriprocessors under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Agriprocessors' meat processing facilities in Postville, Iowa for unpaid wages and unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

3. At all times relevant to this Complaint, Plaintiffs have worked at Agriprocessors' meat processing facilities located in Postville, Iowa.

4. During the class period in this case, Agriprocessors has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by federal law. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, obtaining and sanitizing sanitary and safety equipment and gear, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and all other activities in connection with these job functions, and walking between work sites after the first compensable work activity and before the last compensable work activity. These unpaid work activities took place before and after paid time, and during both paid breaks and unpaid lunch breaks.

5. At all times relevant to this Complaint, upon information and belief, Defendant Agriprocessors has refused and failed to pay employees at its Postville, Iowa meat processing facility, despite the fact that Plaintiffs spend as much as 30-35 minutes or more per day performing uncompensated work activities as described in this Complaint.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction in this matter over Plaintiffs' state law class claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Agriprocessors resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## III. PARTIES

8. Plaintiff Estaurdo Salazar is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Salazar presently resides at Postville, Iowa.

9. Plaintiff Walter Ortiz is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Ortiz resides at Postville, Iowa.

10.     Plaintiff Gregorio Lux is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case.  Plaintiff Lux presently resides at Postville, Iowa.

11.     Plaintiff Gustavo Cujluj is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Cujluj presently resides at Postville, Iowa.

12.     Plaintiff Santos Sis Lopez is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Lopez resides at Postville, Iowa.

13.     Plaintiff Rubelino Hernandez is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case.  Plaintiff Hernandez presently resides at Postville, Iowa.

14.     Plaintiff William Sir is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case.  Plaintiff Sir presently resides at Postville, Iowa.

15.     Plaintiff Jeronimo Toj Granados is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case.  Plaintiff Granados presently resides at Postville, Iowa.

16.     Plaintiff Marvin Yovany Lopez is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case.  Plaintiff Lopez resides at Postville, Iowa.

17. Plaintiff Imelda Lozano is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Lozano resides at Postville, Iowa.

18. Plaintiff Cesar Toj Micolax is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Micolax resides at Postville, Iowa.

19. Plaintiff Claudio Ruiz is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Ruiz resides at Postville, Iowa.

20. Plaintiff Carlos Ixen Choc is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Choc presently resides at Postville, Iowa.

21. Plaintiff Cesar Marroquin is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Marroquin presently resides at Postville, Iowa.

22. Plaintiff Berulo Morillo Jimenez is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Jiminez presently resides at Postville, Iowa.

23. Plaintiff Bernardo Hernandez Lemus is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Lemus presently resides at Postville, Iowa.

24. Plaintiff Antonio Chavez Figueroa is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Figueroa presently resides at Postville, Iowa.

25. Plaintiff Hugo Jovani Lopez is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Lopez presently resides at Postville, Iowa.

26. Plaintiff Samuel Lopez Garcia is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Garcia presently resides at Postville, Iowa.

27. Plaintiff Luis Lopez is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Lopez presently resides at Postville, Iowa.

28. Plaintiff Jose Dany Lopez is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Lopez presently resides at Postville, Iowa.

29. Plaintiff Sergio Vergara is a former Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Garcia presently resides at Postville, Iowa.

30. Plaintiff Jose Damasio Lopez is a current Agriprocessors employee at the Postville, Iowa meat processing facility employed during the relevant class period in this case. Plaintiff Lopez presently resides at Postville, Iowa.

31. Plaintiffs bring this class action for their state law claims on behalf of themselves and all other similarly situated current and former production and support employees of

Defendant Agriprocessors' meat processing facility located in Postville, Iowa ("Class members"). Moreover, the named Plaintiffs assert federal claims under the Fair Labor Standards Act as a representative action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated current and former employees who work or worked at Agriprocessors' meat processing facility located in Postville, Iowa.

32. Defendant Agriprocessors, Inc. is an Iowa corporation that operates a meat processing facility in Postville, Iowa (located in Allamakee County). Defendant Agriprocessors is a corporation engaged in interstate commerce and in the production of goods for commerce throughout the United States. Defendant Agriprocessors can be served with original service of process through its agent for service, Jay Eaton in Des Moines, Iowa.

### IV.     CLASS ACTION ALLEGATIONS

33. The Named Plaintiffs are individuals who are currently, or were within the applicable period of limitations prior to the commencement of this action, employed by Defendant Agriprocessors at its meat processing facilities in Postville, Iowa. This matter is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and (B), and Rule 23(b)(3), on behalf of a Class consisting of: current and former production and support employees of the Agriprocessors meat processing facility in Postville, Iowa (the "Class").

34. Plaintiffs believe that there are at least 1500 present and former production and support employees in the Class during the relevant Class period of March 15, 2005 to the present.

35. Given the size of the facilities involved and the systematic nature of Defendant Agriprocessors' failure to comply with Iowa statutory law, the members of the Class are so numerous that joinder of all members is impractical.

36. The Named Plaintiffs' claims are typical of the claims of the Class members because they are or were hourly production and support workers who, like the Class members, sustained damages arising out of Defendant Agriprocessors' unlawful compensation system as described in more detail herein.

37. Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action wage and hour litigation.

38. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiffs and the Class are:

    a. Whether the work performed by Plaintiffs and the Class is included in the type of work Defendant Agriprocessors employed Plaintiffs and the Class to perform;

    b. Whether the work performed by Plaintiffs and the Class is compensable under federal law and/or Iowa state law;

    c. Whether Defendant Agriprocessors has engaged in a pattern and/or practice of forcing, coercing, deceiving and/or permitting Plaintiffs and the Class to perform work for Defendant Agriprocessors' benefit which was not properly compensated;

d. Whether Defendant Agriprocessors has failed to permit full meal and rest periods as required by Iowa law, other applicable regulations, and/or Defendant Agriprocessors' stated policies;

e. Whether Defendant Agriprocessors has failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

**f.** Whether Defendant Agriprocessors has failed to keep true and accurate time records for all hours worked by its employees as required by Agriprocessors' policies and federal and state law;

g. Whether Defendant Agriprocessors failed to pay Plaintiffs and the Class for all of the work Agriprocessors required them to perform;

h. Whether Defendant Agriprocessors violated the Iowa Wage Payment Collection Law, Iowa Code 91A.1 et seq. through its practices of not paying employees for all time worked;

i. Whether Defendant Agriprocessors failed to pay employees for time spent walking between work stations after the first compensable work activity and before the last compensable work activity in violation of both the federal Fair Labor Standards Act and the Iowa Wage Payment Collection Law; and

j. The nature and extent of class-wide injury and the measure of damages for the injury.

39. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendant Agriprocessors' own employment records.

40. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant Agriprocessors.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Agriprocessors.

42. Without a class action, Defendant Agriprocessors will likely retain the benefit of their wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## V. REPRESENTATIVE ACTION ALLEGATIONS

43. Defendant Agriprocessors owns and operates a meat processing facility in Postville, Iowa. The complained of unlawful compensation system at issue in this Complaint has affected Defendant Agriprocessors' present and former production and

support employees uniformly at these locations. At all times relevant to this Complaint, Defendant Agriprocessors has utilized the same compensation system complained about herein.

44. Under Defendant Agriprocessors' wage compensation system, Plaintiffs and Class members who are production employees are paid only during the time that they are present on the actual production assembly line under a system known as "gang time" or "line time." Defendant Agriprocessors as a matter of policy and practice, does not pay its employees for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing protective equipment and gear, cleaning and sanitizing that equipment, walking to their lockers and/or production line after already performing compensable activities, and at the end of the work day, walking to the wash stations and then to their lockers and/or supply rooms before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies, tools and equipment needed for production line activities. Defendant Agriprocessors also requires its employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

45. Pursuant to federal regulations and Defendant Agriprocessors' own internal policies and procedures, Plaintiffs and Class members are required to wear special personal protective equipment ("PPE") and gear for protection and sanitary reasons. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, mesh sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, scabbards, hairnets, earplugs, coveralls, eye

protection, and other protective equipment and coverings. Most of Defendant Agriprocessors' employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury. The PPE and other required gear are also designed to protect Agriprocessors' meat products from contamination by food borne diseases.

46. As a consequence of the compensation system utilized by Defendant Agriprocessors, Plaintiffs and Class members are not fully paid at the beginning of each shift for the time it takes to don uniforms, obtain gear, maintain gear, walk from the supply rooms to their lockers and/or from their lockers to sanitation stations to sanitize the required PPE, walk to production areas and don PPE.

47. At the beginning of each work day, Plaintiffs and Class members are required to report to their lockers to don their uniforms. Production employees must also obtain their PPE, walk to storage areas and obtain knives and other gear, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE <u>before</u> paid time begins. Plaintiffs are not paid for any of these work activities.

48. Pursuant to Defendant Agriprocessors' compensation system, employees are not fully compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

49. During their unpaid lunch and other paid or unpaid breaks, Plaintiffs and Class members have to remove their PPE, clean their PPE, and then re-don it at the end of breaks. These employees are not paid anything for performing these work activities.

50. After the end of paid time, employees must finish their work on production and other activities, walk to wash stations, wait in line to wash the PPE, knives and other gear, wash their PPE, knives and gear, walk to their lockers, doff their uniforms and PPE and stow the uniforms, PPE, knives and other gear in their lockers and/or storage areas.

51. According to Defendant Agriprocessors' compensation system, Plaintiffs and Class Members are not paid during the time after "gang time" (when compensation stops) although they continue to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear (as well as their own bodies), walk to lockers, doff uniforms and stow gear and uniforms.

52. As a result of Defendant Agriprocessors' compensation system, and other practices and policies followed by Agriprocessors, Plaintiffs and Class members are not paid for all of the time that they work presently and they have not been paid for all of the time they have worked for several years.

53. Plaintiffs and all Class members are similarly situated individuals who worked at and/or continue to work at Defendant Agriprocessors' meat processing facility in Postville, Iowa and who were and/or continue to be deprived of their lawful wages under federal and Iowa state law in the same manner.

54. The facts and circumstances relating to Defendant Agriprocessors' compensation system vis-à-vis production time and employment-related activities prior to paid production time and after paid production time present common questions of law and fact pursuant to Fed.R.Civ.P. 23.

55. Defendant Agriprocessors' failure to pay Plaintiffs and Class members their lawful wages was and is willful. Defendant Agriprocessors knew or should have known

that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

56.     Despite its knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, Defendant Agriprocessors has refused to fully compensate workers at their Postville, Iowa facility for any of this time.

V.      **CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT
29 U.S.C. § 201 et seq.
All Plaintiffs v.** Defendant Agriprocessors

57.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

58.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant Agriprocessors was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

59.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant Agriprocessors, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. Plaintiffs assert that the Defendant Agriprocessors' refusal to pay for time worked was willful.

60. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant Agriprocessors:

A. That this Court permits this action to go forward as a representative action pursuant to 28 U.S.C. § 216(b) and approves notice of this action to all other similarly situated at Agriprocessors' Postville, Iowa facility.

B. That this Court Order an accounting of lost wages for Plaintiffs;

C. That this Court enjoin Defendant Agriprocessors from continuing to commit unlawful practices related to wages; and

D. That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

## COUNT II

**Violation of The Iowa Wage Payment Collection Law**
**Iowa Code 91A.1 et seq.**
**All Class Members v.** Defendant Agriprocessors

61. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

62. Upon information and belief, the Class period for this cause of action is at least March 15, 2005 to the present.

63. Pursuant to the Iowa Wage Payment Collection Law, Iowa Code 91A.1 et seq., Defendant Agriprocessors is required to pay all wages owed to its employees.

64.	Defendant Agriprocessors has intentionally refused to pay all wages due as set forth in the preceding paragraphs of this Complaint to Plaintiffs and class members in violation of the Iowa Wage Payment Collection Law, Iowa Code 91A.1 et seq.

65.	Defendant Agriprocessors is not permitted by state or federal law to withhold or divert any portion of Plaintiffs' and class members' wages that are at issue in this Complaint.

66.	Defendant Agriprocessors does not have written authorization from any Plaintiff or class member to withhold, divert or deduct any portion of Plaintiffs' and class members' wages that are at issue in this Complaint.

67.	Pursuant to the Iowa Wage Payment Collection Law, Iowa Code 91A.1 et seq., and specifically Iowa Code 91A.8, employers such as Defendant Agriprocessors who intentionally fail or refuse to pay an employee wages in conformance with the statute shall be liable to the employee for any wages or expenses that were not paid, plus liquidated damages, court costs and usual and necessary attorneys fees incurred in recovering the unpaid wages or expenses.

68.	Defendant Agriprocessors has violated Iowa state law by failing to pay Plaintiffs and class members for all compensable time and by failing to pay Plaintiffs and class members for all work time, including overtime, at the established rate.

WHEREFORE, Plaintiffs and all others similarly situated pray for the following relief against Defendant Agriprocessors:

A. That this Court enter an Order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23;

B. That this Court Order an accounting of lost wages for Plaintiffs and all others similarly situated;

C. That this Court enjoin Defendant Agriprocessors from continuing to commit unlawful practices related to wages; and

D. That this Court award lost wages, lost overtime wages, interest, costs and attorney's fees.

Respectfully submitted,


/s/ MacDonald Smith
_____
MACDONALD SMITH
Iowa Bar #: AT0007391
Smith & McElwain Law Office
505 Fifth Street, Suite 530
P.O. Box 1194
Sioux City, IA 51102
Phone: (712) 255-8094
Facsimile: (712) 255-3825
E-Mail: smitmcel@aol.com

BRIAN P. MCCAFFERTY
Pennsylvania Bar # 66257
Kenney Lennon & Egan Law Firm
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099
Facsimile: (610) 940-0284
E-mail: cafstar@aol.com

MICHAEL HAMILTON
Tenneesee Bar # 10720
Provost Umphrey Law Firm, LLP
2002 Richard Jones Road, Suite C-103
Nashville, TN 37215
Phone: (615) 242-0199
Facsimile: (615) 256-5922
E-mail: mhamilton@provostumphrey.com

JAIRUS M. GILDEN
Illinois Bar # 12972
2711 Eastwood Avenue
Evanston, IL 60201
Phone: (847) 328-8542
Facsimile: (847) 328-8542

ROBERT D. METCALF
CONNIE HOWARD
Metcalf, Kaspari, Howard
Engdahl & Lazarus, P.A.
333 Parkdale Plaza
1660 South Highway 100
Minneapolis, MN 55416-1573

**Attorneys for Plaintiffs**

DATED: March 22, 2007