IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| EDUARDO SALAZAR, WALTER ORTIZ, GREGORIO LUX, GUSTAVO CUJLUJ, SANTOS TEPAZ, RUBELINO HERNANDEZ, WILLIAM SIR, JERONIMO TOJ GRANADOS, MARVIN LOPEZ, IMELDA LOZANO, CESAR TOJ MICOLAX, CLADIO RUIZ, CARLOS IXEN CHOC, CESAR MARROQUIN, BERULO JIMENEZ, BERNARDO LEMUS, ANTONIO FIGUEROA, HUGO LOPEZ, SAMUEL GARCIA, LUIS LOPEZ, JOSE DAMASIO LOPEZ On behalf of themselves and all other similarly Situated individuals, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 07-cv-01006-LRR |
| Plaintiffs, | ) ) ) | STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER |
| vs. | ) ) ) | |
| AGRIPROCESSORS, INC., | ) ) ) | |
| Defendant. | ) ) | |

WHEREAS, the Court finds that discovery in this action may involve the production of documents, information or other materials containing confidential or potentially confidential and proprietary business, personnel and/or financial information; and

WHEREAS, the parties mutually wish to establish procedures that will be fair to each of the parties, expedite the discovery process, limit the possibility for objections or subsequent motions seeking to limit discovery, and facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery;

IT IS HEREBY ORDERED:

EXHIBIT A

1 .    Definitions

The following definitions shall apply to this Stipulated Confidentiality and Protective

Order (the "Order"):

    (a)    "Action" shall refer to the above-entitled action pending in the United States District Court for the Northern District of Iowa, and any appeal thereof through final judgment and any enforcement of judgment.

    (b)    "Confidential" shall mean any document, material or thing which any party to the Action or "Designating Party" (as defined herein) designates as "Confidential" and contains "Confidential Information" (as defined herein).

    (c)    "Confidential" – Attorneys' Eyes Only" shall mean any document, material or thing which any party to the Action or "Designating Party" has designated as "Confidential – Attorneys' Eyes Only" and contains "Highly Confidential Information" (as defined herein).

    (d)    "Confidential Information" shall mean any document or information that has not been publicly disclosed, and that contains proprietary business or personal information including, but not limited to, confidential manufacturing processes, financial, pricing, product, or customer information, and past, present, or future business plans, whether or not such information constitutes a trade secret under Iowa's Uniform Trade Secret Act.

    (e)    "Highly Confidential Information" shall mean any document or information containing highly sensitive proprietary business, financial, or customer information that constitutes a trade secret under Iowa's Uniform Trade Secret Act, and personal information about current or former employees.

    (f)    "Court" shall mean the Court in which this Action is being prosecuted and any other court in which information or documents subject to this Order may be sought to be disclosed.

    (g)    "Designating Party" shall mean any "Producing Party" (as defined herein) or party to this Action that designates and marks "Discovery Material" (as defined herein) as "Confidential" or "Confidential – Attorneys' Eyes Only."

    (h)    "Discovery Matter" encompasses, but is not limited to, any type of document including corporate, intra-corporate, interoffice and intra-office memoranda, correspondence, reports, technical drawings, blueprints,

2

conversations, any and all other taped, recorded, filmed, magnetic, graphic, computerized, written or typed matters of any kind or description, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, all interrogatory answers, responses to requests for admissions and for production of documents, depositions and deposition exhibits, and any physical objects, samples, or other items produced or obtained from any "Producing Party" (as herein defined) in this Action.

(i)     "Legend" shall mean a large bold stamp or similar insignia stating "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(j)     "Producing Party" shall mean any person or entity producing documents, information or other materials in this Action, or in any alternative dispute resolution process, including, but not limited to, any party to this Action.

2.     <u>Scope of Order</u>

(a)     This Order shall govern the designation and use of Confidential Information or Highly Confidential Information produced voluntarily or in response to any method of discovery conducted by the parties and shall further apply to all other parties who appear in this action and whose counsel have received a copy of this Order.

(b)     In the event that additional persons become parties to this action, neither the additional parties nor their counsel of record, in-house counsel or any person acting on their behalf or retained to assist such additional parties shall have access to any Confidential Information or Highly Confidential Information until such additional party has executed and filed with the Court a copy of this Order. Any new party must obtain written consent by the parties hereto prior to entering into this Order which consent will not be unreasonably withheld.

(c)     In the absence of written permission from the Designating Party, all Discovery Material designated in accordance with paragraph 3 as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be used by the receiving party solely in connection with the prosecution, defense and/or appeal of this Action.

3

(d)     Information obtained by or made available to any party by means other than through the discovery provisions of the Federal Rules of Civil Procedure shall not be subject to this Order.

(e)     Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Designating Party consents to such disclosure or if the Court, after notice to all affected persons, allows such disclosure.

3.     Designation of Confidential Information

(a)     Any producing Party or any party to this Action may designate any Discovery Material or portion thereof "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order by affixing the Legend to any Discovery Material which the Designating Party, in good faith, believes contains such Confidential Information or Highly Confidential information.

(b)     All copies, extracts or summaries of any Discovery Material designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall also constitute, and be treated as, Confidential Information or Highly Confidential Information as provided in this Order. Any person making, or causing to be made, copies of any Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall make certain that all copies of such Discovery Material bear the Legend pursuant to the requirements of this Order.

(c)     For Discovery Material produced by a non-party or a party other than the Designating Party, a party seeking a "Confidential" or "Confidential–Attorneys' Eyes Only" designation pursuant to the terms of this Order may do so by serving on all parties a log containing the bates numbers or other description of the material claimed as "Confidential" or "Confidential–Attorneys' Eyes Only" within 10 days of receiving copies of the material. Once designated "Confidential" or "Confidential–Attorneys' Eyes Only," the third-party Discovery

4

Material shall be treated in accordance with such designation for all purposes. Should any party object to this designation, such party shall proceed in accordance with paragraph 8 of this Order.

(d)    The designation of Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be made only after a review by counsel for the Designating Party of the Discovery Material and a good faith determination that the designation is justified.

(e)    If a Producing Party believes that inspection, measuring, testing, sampling or photographing of that party's processes, products, equipment, premises, or other property pursuant to Federal Rule of Civil Procedure 34, will reveal or disclose information that is in good faith deemed Confidential Information or Highly Confidential Information, that party shall advise in advance the party or parties seeking such discovery that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis, and that the material discovered, and any information derived from that material, shall be treated as Confidential Information or Highly Confidential Information. If the Producing Party fails to advise in advance the party or parties seeking discovery that any inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis, any confidentiality is waived after the expiration of 10 days after such discovery is provided or unless otherwise stipulated or ordered.

4.    Disclosure and Use of Material Designated "Confidential"

(a)    Except as set forth herein or by subsequent order of the Court, any information or documents designated as "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be retained by the receiving party and his or her counsel and shall not be disclosed by such persons to any person except:

5

(i)     The Producing Party and parties to the Action and the employees, officers and directors of such parties who have a need to review the information in connection with this Action;

(ii)    Counsel representing the Receiving Party, the parties hereto or the insurer or indemnitor of any party, and said counsel's employees including paralegals, secretaries or other support staff or agents assisting counsel in connection with this action;

(iii)   Any actual or potential witness, including, but not limited to, former officers, agents or employees of any party, provided there is a reasonable basis to believe the witness will give information that is reasonably calculated to lead to discoverable information regarding the confidential material;

(iv)    Experts, independent contractors, consultants or advisors who consult with, are employed or retained by or on behalf of one or more of the parties or their counsel to assist in connection with this Action or to testify at trial or any other proceeding in this Action;

(v)     Stenographers or court reporters who are employed in this Action for the purpose of transcribing, including, but not limited to, depositions, trial or any hearings or proceedings before the Court;

(vi)    The Court and its employees;

(vii)   Photocopying firm employees retained to receive or copy documents in connection with this Action; and

(viii)  Other persons designated by mutual agreement of counsel for the parties.

(b)     A party desiring to disclose Confidential Information to any of the persons referred to in subparagraph 4(a) shall, prior to disclosure of the information, advise such person of the "Confidential" designation and the existence and terms of this Order. In addition, for each person identified in subparagraph 4(a)(iii), (iv), (vii), or (viii) who does not otherwise fall within the definition of subparagraph 4(a)(i) and (ii), a party shall, before disclosing Confidential Information, provide to each person a copy of this Order and require such persons to sign an Acknowledgment of Receipt of Protective Order Regarding Confidential Information and

6

Agreement to be Bound Thereby ("Acknowledgment and Agreement") in the form set forth in Exhibit A hereto. The terms of this paragraph shall not require a person to whom Confidential Information is to be disclosed to execute a copy of the Acknowledgment and Agreement more than once, but the execution of the Acknowledgment and Agreement prior to the initial disclosure shall bind the person with respect to all subsequent disclosures of any other Confidential Information. Provided, however, only for reputable copying services which are primarily engaged in the business of making copies for the public and which have no direct or indirect interest of any kind in any party or in this action, failure of such copy service to sign an Acknowledgement and Agreement in connection with making copies of documents produced in this action shall not violate this Order if the party using that copy service attempted in good faith to obtain a signed Acknowledgment and Agreement from that copy service.

(c)    The party making the disclosure shall retain the originally executed Acknowledgment and Agreement and, at the written request of the Designating Party, shall provide copies thereof to counsel for the Designating Party at the conclusion of this Action. Unless stipulated in writing between the parties to this Order, no disclosure shall be made to a person identified in subparagraphs 4(a)(iii), (iv), (vii), or (viii) who has not executed the Acknowledgment and Agreement.

(d)    Counsel to a party disclosing any Confidential Information to any of the persons referred to in subparagraphs (4)(a)(iii), (iv), (vii), or (viii) shall maintain a current written record of the person(s) to whom the party makes such disclosure, along with any original Acknowledgment and Agreement referred to in subparagraph 4(b). The record shall specify, for each person, the person's full name, employer, business telephone number and address and the purpose for which disclosure was made. After termination of this Action, such counsel shall

7

provide the written record and copies of the executed Acknowledgment and Agreements to the Designating Party upon the Designating Party's written request.

(e)     Any party may seek permission to disclose any information or document designated "Confidential" to any person other than those persons referred to in subparagraph 4(a) by serving a written request directed to the Producing Party.  The request shall identify the person to whom disclosure is sought to be made, the document(s) or information sought to be disclosed and the purpose for such disclosure. The Designating Party shall thereafter respond in writing, if at all, within 14 days of the date of receipt of the written request, and if the requested permission is withheld, shall state the reasons therefore.  If no such response is made within the specified time, counsel to the party desiring to disclose the Confidential Information shall be allowed to disclose such information to the person(s) identified in the request, subject to the requirement(s) set forth in subparagraph 4(b).   If consent is withheld, and the parties subsequently are unable to agree on whether the requested disclosure should be allowed, or they cannot agree on the terms and conditions of disclosure, the Confidential Information shall not be disclosed absent a Court order compelling such disclosure.

(f)     A Designating Party may disclose its own Confidential Information designated by that party to any persons with, or without, any conditions to such disclosure as it deems appropriate, but at the risk that such disclosure may cause such information to lose its "Confidential" designation.

(g)     The parties to this Action, together with their agents, counsel or other advisors, agree to use Confidential Information only within the context of this Action as an aid to resolving the claims alleged in this Action.

8

5.     Access to Discovery Material Designated "Confidential – Attorneys'
       Eyes Only"

(a)     Except as set forth herein or by subsequent order of the Court, any Discovery Material designated as "Confidential – Attorneys' Eyes Only" and any summaries, extracts, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be retained by the receiving counsel and his or her employees and shall not be disclosed by such counsel to any person, including any other party to the action, except:

(i)     The Designating Party in the Action with respect to the Discovery Material in question;

(ii)    Counsel of record for the parties, and said counsel's employees (including paralegals, secretaries or other support staff or agents) assisting counsel in connection with this Action;

(iii)   Any testifying or consulting experts employed or retained by or on behalf of the receiving party's counsel to assist in connection with this Action or to testify at trial or any other proceeding in this Action;

(iv)    Stenographers or court reporters who are employed in this Action for the purpose of transcribing, including, but not limited to, depositions, the trial or any hearings or proceedings before the Court;

(v)     The Court and its employees;

(vi)    Photocopying firm employees retained to receive or copy documents in connection with this Action;

(vii)   Other persons designated by mutual agreement of counsel for the parties.

(b)     Counsel to a party desiring to disclose Discovery Material designated as "Confidential – Attorneys' Eyes Only" to any of the persons referred to in subparagraph 5(a) shall, prior to disclosure of the information, advise such person of the "Confidential – Attorneys' Eyes Only" designation and the existence and terms of this Order. In addition, counsel shall,

before disclosing such Confidential Information to persons identified in subparagraph 5(a)(iii), (vi), (vii), or (viii) who does not otherwise fall within the definition of subparagraph 5(a)(i) and (ii), provide to each person a copy of this Order, and require such persons to sign an Acknowledgment of Receipt of Protective Order Regarding "Confidential – Attorneys' Eyes Only" Information and Agreement to be Bound Thereby ("Acknowledgment and Agreement"), substantially in the form set forth in Exhibit A thereto.

(c)     Counsel to the party making the disclosure shall retain the originally executed Acknowledgment and Agreement.  No disclosure shall be made to any person who has not executed the Acknowledgment and Agreement with respect to each disclosure.  The absence of an executed Acknowledgment and Agreement shall in no way limit the applicability of the Order to such person.

(d)     Counsel to a party disclosing Discovery Material designated "Confidential – Attorneys' Eyes Only" to any person referred to in subparagraphs 5(a)(iii), (vi), (vii) or (viii) shall maintain a current written record of the persons to whom the counsel makes such disclosure, along with any original Acknowledgment and Agreements referred to in paragraph 5(b).  The record shall specify for each person, the person's full name, employer, business telephone number, and address, the Confidential Information disclosed (by Bates number) and the purpose for which disclosure was made.

(e)     After termination of this Action, counsel shall provide the written record and the originally executed Acknowledgment and Agreements to counsel for the Designating Party upon the Designating Party's written request.

(f)     A Designating Party may disclose its own Confidential Information designated as "Confidential – Attorneys' Eyes Only" to any persons with or without any conditions to such

10

disclosure as it deems appropriate, but at the risk that such disclosure may cause such information to lose its "Confidential – Attorneys' Eyes Only" designation, in the event any other party discovers such disclosure and asserts the loss of confidentiality, the party asserting such loss of confidentiality shall immediately communicate such assertion in writing to the Designating Party and provide the Designating Party a reasonable opportunity to respond to such assertion.

(g)    Notwithstanding any other provisions of this Order, Confidential Information designated as "Confidential – Attorneys' Eyes Only" shall not be disclosed under any circumstances to any employees or consultants of any competitor of Defendant.

6.    Confidential Information Disclosed During Depositions

(a)    If a party reasonably anticipates that Confidential Information or Highly Confidential Information will be discussed or disclosed during a deposition, that party may seek to exclude from the deposition room any person, other than those individuals specified in subparagraphs 4(a), if the Confidential Information is designated "Confidential," or 5(a), if the Confidential Information is designated "Confidential – Attorneys' Eyes Only," only for the duration of the deposition during which the Confidential Information is being discussed or disclosed.

(b)    Any person wishing to designate as "Confidential" or "Confidential – Attorneys' Eyes Only" deposition testimony or documents submitted as exhibits to a deposition may do so on the record before or during the deposition, or within 10 days after receipt of the deposition transcript and exhibits, by providing written notice of the designation to any affected person of the portions of the transcript designated "Confidential" or "Confidential – Attorneys' Eyes Only." The right to make such designation shall be waived unless made before the 10-day period

11

expires. No deposition may be read by anyone other than counsel and the deponent during this 10-day period. Upon being informed within the 10-day period that certain portions of a deposition are to be designated "Confidential" or "Confidential – Attorneys' Eyes Only," each party must cause each copy in their custody or control to be so marked immediately, subject to subsequent objection to such designation as provided by paragraph 8 herein. The parties shall cooperate to the extent reasonable and practical to segregate such Confidential Information or Highly Confidential Information into a separate document or transcript.

(c)    Designation as "Confidential" or "Confidential – Attorneys' Eyes Only" of the deposition transcript or any portion thereof, including any exhibits attached thereto, shall be made if there is a statement to that effect on the record by the witness, the Producing party, any party to the Action or their respective counsel. Should such statement be made, the stenographer of the deposition shall affix the Legend to the cover page of the transcript and all appropriate pages or exhibits of the transcript, and to each copy thereof. The failure of the stenographer to so designate the transcript shall not result in a waiver of its confidential designation.

(d)    Any party may object to the "Confidential" or "Confidential – Attorneys' Eyes Only" designation, in accordance with the procedures described in paragraph 8 herein.

(e)    Unless otherwise agreed, the deponent may not retain a copy of any deposition material deemed "Confidential" or "Confidential – Attorneys' Eyes Only."

7.    Court Proceedings

(a)    Pleadings, motions, briefs, supporting affidavits and documents and other filings with the court, which refer to Confidential Information or Highly Confidential Information, will not be filed under seal. The Confidential Information or Highly Confidential Information to which such filings refer, together with portions of such filings which necessarily would disclose the

12

Confidential Information or Highly Confidential information, shall be filed under seal. The person

filing any such document shall affix on the document, or a portion designated thereof, the Legend,

along with a statement substantially in the following form:

> CONFIDENTIAL-FILED    UNDER    SEAL    PURSUANT    TO
> PROTECTIVE ORDER.    Not to be opened nor the contents revealed
> except (1) to the Court, (2) by agreement of the parties, or (3) by order of
> this Court.

Subject to the Court's convenience and needs, the documents filed under seal shall be

kept under seal, separate from the public records in this Action, and shall not be released until

further order of the Court. The parties are hereby authorized to file any document containing

Confidential Information or Highly Confidential Information under seal in the ECF electronic

filing system without further order pursuant to Local Rule 5.1(c).

(b)    If Confidential Information or Highly Confidential Information is filed with the

Court concerning a motion, any party may move the court to conduct in camera and closed to the

public that portion of any hearing, if any, at which the Confidential Information or Highly

Confidential Information will be argued. Before any party or non-party bound by this Order

discloses, discusses or otherwise refers to any Confidential Information or Highly Confidential

Information in open court at any hearing in this Action, such person shall inform the Court, the

Designating Party and all other parties to this Action of its intention to do so and identify the

Discovery Material which it intends to disclose.

(c)    Nothing in this Stipulated Confidentiality and Protective Order shall create any

presumption that trial of this matter, or any part thereof, shall be closed to the public. The Court

will make all determinations concerning the open use of Confidential Information or Highly

Confidential Information at the time of trial.

8.    Objection to Confidential Designation

13

(a)    Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all material designated "Confidential" or "Confidential - Attorneys' Eyes Only" shall be treated as such under this Order.

(b)    Any party to this Action may object to the designation of any information as "Confidential" or "Confidential - Attorneys' Eyes Only" by serving a written objection on the Designating Party and all parties to this Action which objection shall state with specificity the grounds for each objection and the perceived harm being caused by the confidentiality designation. The parties shall attempt to resolve any such challenge by telephonic meeting and conferring. If the objecting party and the Designating Party are unable to resolve the objection through the meet and confer process, within thirty days after concluding the meet and confer process the Designating Party may move the Court for an order with respect to the Discovery Material, including an order approving the confidentiality designation. The Discovery Material, however, shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" until the Court rules otherwise. If no such motion is made, the confidentiality designation on the subject Discovery Material shall expire at the end of said 30-day period.

9.    <u>Preservation of Objections</u>

Notwithstanding anything to the contrary contained herein, all objections as to the form and scope of discovery and admissibility in evidence or other use of Discovery Material subject to this Order are reserved and are not waived in any respect by any terms of this Order or by production of the Discovery Material in this Action. Accordingly, this Order also shall not be construed as a waiver of any right to object to the furnishing of documents and/or information in response to discovery based on other grounds including, without limitation, that the information sought is

14

privileged, irrelevant, burdensome or otherwise nondiscoverable or inadmissible at trial or proceedings in this Action.

10.    Relief From Terms of Order

(a)    At any time, any party or affected person may move the Court, upon notice, for relief from the terms of this Order or for imposition of additional protections with respect to any specified material.

(b)    Nothing in this Order shall be construed to prohibit any Producing Party to this Action from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged or work-product information.

11.    Return of Confidential Information

(a)    At the conclusion of this Action, at the request of a party, the parties shall assemble and return to each Producing Party all originals or reproductions of any documents embodying information designated "Confidential" or "Confidential – Attorneys' Eyes Only" within sixty (60) days of the final termination of this Action excluding documents: (i) which have been filed with the Court; or (ii) which constitute attorney-client communications, attorney work product or contain notations of counsel or person(s) in counsel's employ. Documents which contain notations of counsel or person(s) in counsel's employ shall be destroyed.

(b)    In lieu of returning materials, all materials otherwise covered by this Order may be destroyed at the conclusion of this Action, and the party electing such destruction shall send to the Designating Party an appropriate certificate to that effect within sixty (60) days of the final termination of this Action. "Conclusion of this Action" shall mean all appeal periods have expired and/or any settlement or judgment has become final.

15

(c)     Each party shall bear its own costs and expenses incurred in connection with either assembling and returning to each Producing Party all originals or reproductions of any documents embodying Confidential Information or Highly Confidential Information pursuant to subparagraph 11(a) or for destroying all material covered by this Order pursuant to subparagraph 11(b).

12.     Miscellaneous

(a)     All parties to this Action agree to take all reasonable precautions to prevent the disclosure of any Confidential information or Highly Confidential information received by them to any persons who are not parties to the Acknowledgment and Agreement.

(b)     The taking of any action in accordance with the provisions of this Order shall not be construed as a waiver of any claim or defense in this matter.

(c)     The procedures set forth herein shall not relieve a person of the necessity of making timely responses or objections to discovery requests.

(d)     The parties to this Action agree that the terms and conditions of this Order is a result of negotiations and that they have had an opportunity to review and consult counsel regarding this Order. Accordingly, this Order shall not be construed in favor of or against any party by reason of the extent to which it participated in the drafting of this Order.

(e)     If at any time any document or information protected by this Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall give written notice within three business days to any Designating Party.

(f)     This Order may only be amended pursuant to the terms of Paragraph 10 above. Under no circumstances may this Order be modified by oral amendments.

16

(g)     The terms of this Order shall survive and continue to be binding on all affected persons after termination of this Action, subject to any subsequent modification of this Order by the Court.

(h)     Nothing in this Order shall affect, in any way, the admissibility of any documents, testimony or other evidence at trial not obtained under the terms of this Order and nothing in this Order shall restrict plaintiffs, their agents, counsel and other advisors from using information obtained from sources other than discovery conducted under the terms of this Order.


Brian P. McCafferty
KENNEY, EGAN, MCCAFFERTY &
YOUNG
3031 C Walton Road, Suite 202
Plymouth Meeting, PA  19462
Telephone:  610-940-9099
Fax:  610-940-0284
Email:  cafstar@aol.com
**ATTORNEYS FOR PLAINTIFFS**

Jay Eaton
NYEMASTER, GOODE, WEST,
HANSELL & O'BRIEN, P.C.
700 Walnut, Suite 1600
Des Moines, Iowa 50309-3899
Phone: (515) 283-3100
Facsimile: (515) 283-8045
Email: je@nyemaster.com
**ATTORNEY FOR DEFENDANT
AGRIPROCESSORS, INC.**


IT IS SO ORDERED THIS **8th** DAY OF **April**_____, 2008.

_____


LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

17

Exhibit A to Stipulated Confidentiality and Protective Order

## ACKNOWLEDGMENT OF CONFIDENTIALITY AND PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

_____ states as follows:

1.      That s/he resides at _____ in the city and county of

_____ and state of_____.

2.      That s/he has read and understands the Stipulated Confidentiality and Protective

Order dated _____ entered in the Eduardo Salazar et. al. v. AgriProcessors,

Inc. ("Order").

3.      That s/he agrees to comply with and be bound by the provisions of the Order and

consents to the jurisdiction of this Court for enforcement proceedings, if necessary.

4.      That counsel who has retained or consulted with her/him has explained the terms

thereof.

5.      That s/he will not divulge to persons other than those specifically authorized by

Section 4 of the Order, and will not copy or use, except solely for purposes of this litigation, any

document, material, or information designated as "Confidential" or defined as Confidential by the

Order.

6.      That s/he will not divulge to persons other than those specifically authorized by

Section 5 of the Order, and will not copy or use, except solely for purposes of this litigation, any

document, material, or information designated as "Confidential – Attorney's Eyes Only."

Dated:_____

_____

Witness: _____

2